IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| A. J. ADAMS, | ) |
| Plaintiff, | ) |
| | ) Case No. 1:07-cv-316-SJM |
| v. | ) |
| | ) |
| THE COUNTY OF ERIE, PENNSYLVANIA, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM ORDER

Pending before me is the Defendants' motion to strike certain allegations contained in the amended complaint [35] filed by the Plaintiff on October 13, 2009 and for a more definite statement. Defendants contend that certain of the amended complaint's allegations are scandalous and/or are now immaterial in light of this Court's September 23, 2009 Memorandum Opinion and Order.

Federal Rule of Civil Procedure 12(f) permits the court, on its own motion, or on the timely motion of a party, to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Natale v. Winthrop Resources Corp.*, Civil Action No. 07-4686, 2008 WL 2758238 at *14 (E.D. Pa. July 9, 2008) (quoting *McInerney v. Moyer Lumber and Hardware, Inc.*, 244 F.Supp.2d 393, 402 (E.D. Pa.2002). While "[a] court possesses considerable discretion in disposing of a motion to strike under Rule 12(f)," such motions are "not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." *Id*. (quoting *River Road Devel. Corp. v. Carlson*

*Corp.*, Civ. A. No. 89-7037,1990 WL 69085, at *2 (E.D. Pa. May 23, 1990). Striking some or all of a pleading is therefore considered a "drastic remedy to be resorted to only when required for the purposes of justice." *Id*. (quoting *DeLa Cruz v. Piccari Press*, 521 F. Supp. 2d 424, 428 (E.D. Pa. 2007) (quotations omitted).

At the heart of the case is the Plaintiff's claim under 42 U.S.C. § 1983 that his employment was terminated in violation of his federal First Amendment rights. In addition, Plaintiff is asserting a § 1983 claim based on the denial of his procedural and substantive due process rights, various other pendant state claims, and a claim for punitive damages. Although many (or even all) of the challenged averments may ultimately prove to be immaterial to the Plaintiff's case, they do not strike this Court as so wholly impertinent or scandalous as to presently warrant the "drastic remedy" authorized by Rule 12(f). Once discovery is complete and the record more fully developed, Defendants will have the opportunity to renew any challenges they may have to the Plaintiff's allegations and/or evidence by way of an appropriate Rule 12(b)(6) motion, motion for summary judgment, or motion in limine. Accordingly, the following order is entered:

AND NOW, *to wit*, this 19th day of November, 2009, upon consideration of the Defendants' Motion [35] to Strike Amended Complaint, and based upon the foregoing reasons,

IT IS ORDERED that the Defendants' motion be, and hereby is, DENIED WITHOUT PREJUDICE to be reasserted by way of a subsequent Rule 12(b)(6) motion, Rule 56 motion, or motion in limine, if appropriate.

IT IS FURTHER ORDERED that, the Plaintiff having adequately clarified the nature of his intended causes of action against the Defendants in his "Response [39] to Defendants' Motion to Strike Pursuant to F.R.C.P 12(f) and For a More Definite

Statement Pursuant to F.R.C.P 12(e)," the Defendants' Motion for More Definite Statement be, and hereby is, DENIED as moot.

IT IS FURTHER ORDERED that the Plaintiff shall, on or before December 3, 2009, file an Amended Complaint which comports with the clarification set forth in his Response [39] to Defendants' Motion to Strike Pursuant to F.R.C.P 12(f) and For a More Definite Statement Pursuant to F.R.C.P 12(e).

        s/    <u>Sean J. McLaughlin</u>

            Sean J. McLaughlin
            United States District Judge

cm:   All counsel of record.